# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2013

Lyle W. Cayce
Clerk

No. 12-60514

ANITA KRECIC,

Plaintiff - Appellant

v.

CLARENCE BROWN, Parole Board Member; DANNY D. GUICE, Parole Board Member; BETTY LOU JONES, Parole Board Member; BOBBIE S. THOMAS, Parole Board Member; SHANNON J. WARNOCK, Parole Board Chairman; STEPHANIE SKIPPER, Correctional Secretary, Administrative,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-193

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Anita Krecic, Mississippi prisoner # 44712, sued members of the Mississippi Parole Board (collectively, the "Defendants") asserting various claims under 42 U.S.C. § 1983 and seeking to represent a class of similarly situated prisoners. The parties consented to the magistrate judge presiding

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60514

over all proceedings conducted in the district court.[1]   Krecic appeals the magistrate judge's order granting summary judgment in favor of the Defendants, dismissing the § 1983 complaint, and denying her outstanding motions.[2]  We AFFIRM.

We review *de novo* a grant of summary judgment and apply the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Although Krecic asserts on appeal that she filed suit against the Defendants in their official and individual capacities, she does not address the magistrate judge's conclusion that the Defendants are entitled to immunity under the Eleventh Amendment.  Therefore, she has abandoned any challenge to the magistrate judge's decision on this issue.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[W]e liberally construe the briefs of pro se appellants" but still "require that arguments must be briefed to be preserved" (citation and internal quotation marks omitted)).[3]  Because Krecic's arguments on appeal

---

[1] To the extent that Krecic challenges the magistrate judge's jurisdiction to conduct the proceedings in the district court, the argument is refuted by the record.  The record contains a signed, written consent form demonstrating that Krecic agreed to proceed to final judgment before the magistrate judge.  *See* 28 U.S.C. § 636(c)(1).

[2] Deborah Mosby, another Mississippi prisoner, was a named plaintiff in the proceedings before the district court.  Both Krecic and Mosby appealed, but their appeal was dismissed for want of prosecution.  We subsequently granted Krecic's motion to reinstate the appeal as to her appeal only.

[3] Similarly, Krecic has abandoned any challenge to the magistrate judge's conclusion that she sued the Defendants only in their official capacities because she fails to present arguments or authorities supporting the position that she sued the Defendants individually or that they would be liable in that capacity. *See Yohey*, 985 F.2d at 225; *see also Douglas W.*

2

No. 12-60514

fail to establish that the Defendants are not entitled to immunity, we need not reach the merits of Krecic's claims.

AFFIRMED.

---

*ex rel. Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 210 n.4 (5th Cir. 1998) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue.").